IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA OF NON-PARTY JOE WALSH | ) ) ) ) ) Cause No. |

## NON-PARTY JOE WALSH'S EMERGENCY MOTION TO QUASH SUBPOENA

Joe Walsh, a non-party to the underlying lawsuit pending in the United States District Court for the Eastern District of New York (*McCusker v. hibu plc, et. al.*, E.D.N.Y. Case No. 2:15-cv-02659-LDW-GRB), requests that this Court quash Defendant hibu plc's ("hibu") subpoena commanding him to appear for deposition and produce 21 categories of documents in Washington, D.C. on August 17, 2016. The subpoena is procedurally invalid for multiple reasons under Federal Rule of Civil Procedure 45 and the schedule is unreasonable and unduly burdensome to Mr. Walsh. In support of its motion, Mr. Walsh states as follows:

### I.     BACKGROUND

The underlying case, *McCusker v. hibu plc, et. al.*, was originally filed in 2014 by former hibu employee James McCusker in Pennsylvania state court. *See* Compl., attached as Exhibit A. McCusker alleges causes of action for defamation and violation of the Pennsylvania Wage Payment and Collection Law against hibu and some of its directors and officers. *Id.* hibu and some co-defendants removed the case to the United States District Court for the Eastern District of New York in October 2014. *See* Notice of Removal, attached as Exhibit B. On January 12, 2016, United States Magistrate Judge Gary Brown issued a Scheduling Order setting the deadline for discovery in the case for August 17, 2016. *See* Scheduling Order, attached as Exhibit C.

On August 5, 2016, hibu attempted to serve a subpoena on Mr. Walsh, the President and

Chief Executive Officer of Dex Media, Inc. ("Dex Media") at 2200 West Airfield Drive, DFW Airport, Texas 75261, Dex Media's offices. Vanessa Andros Declaration ¶3, attached as Exhibit D. A process server left the subpoena (attached hereto as Exhibit E) with a Dex Media employee. *Id.* The process server did not tender a witness or mileage fee. *Id.* at ¶4; Joe Walsh Declaration ¶7, attached as Exhibit F. Mr. Walsh was not physically present at the office that day and indeed was not even in the state of Texas. Walsh Decl. ¶5. Mr. Walsh resides in Potomac, Maryland. *Id.* at ¶2. The subpoena commands Mr. Walsh to appear for a deposition and produce 21 categories of documents at the offices of Mintz Levin in Washington, D.C. (located at 701 Pennsylvania Avenue, NW) at 9:00 a.m. on August 17, 2016. *See* Ex. E.

On August 9, 2016, counsel for hibu, Bret Cohen sent a letter (attached as Exhibit G) to counsel for Mr. Walsh, Brian Jorgensen, enclosing the subpoena and stating that because discovery closes in the case on August 17, the deposition date could not change.

## II.   JURISDICTION

The United States District Court for the Eastern District of New York is the court where the underlying case is pending and the court that issued the subpoena. *See* Ex. E. However, the subpoena commands that Mr. Walsh appear for his deposition in Washington, D.C. Rule 45(d)(3)(A) provides "the court for the district where compliance is required must quash or modify a subpoena . . . ." Because compliance with the subpoena is required in Washington, D.C., this Court has jurisdiction to decide this Motion.

### III.     ARGUMENT

The subpoena is procedurally defective because it does not comply with the requirements of Rule 45. Further, the schedule—including both the unilaterally-set deposition date and timeframe to prepare—is unreasonable and unduly burdensome to Mr. Walsh. The subpoena should therefore be quashed.

**A.     hibu did not serve Mr. Walsh personally.**

Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person . . . ." This Court has interpreted that Rule to mean *actual personal service* is required. *See U.S. v. Philip Morris Inc.*, 312 F. Supp.2d 27, 37-38 (D.D.C. 2004) (holding delivering deposition subpoena to a mail room or to support staff is insufficient and that personal service must be on the actual deponents).

Here, Mr. Walsh was not personally served. Instead, hibu sent a process server to Dex Media's offices at 2200 West Airfield Drive, DFW Airport, TX 75261 on August 5, 2016 and left the subpoena with a Dex Media employee. Andros Decl. ¶3. Mr. Walsh was not present at Dex Media's offices that day. Walsh Decl. ¶5. Indeed, he was not even in Texas on August 5. *Id.* Because hibu failed to comply with the requirements of Rule 45(b)(1) by personally serving Mr. Walsh, the subpoena should be quashed.

**B.     hibu did not tender the requisite witness fee and mileage, as required by Rule 45(b)(1).**

hibu's purported service of its subpoena is also inadequate under Rule 45(b)(1) because hibu did not tender the required witness and mileage fee. Rule 45(b)(1) provides:

> Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires the person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

FED. R. CIV. P. 45(b)(1).

Here, no witness fee or mileage fee was ever tendered. Because hibu failed to comply with the service requirements, the subpoena is defective and should be quashed.

C.  **hibu's subpoena is unreasonable and unduly burdensome to Mr. Walsh.**

Rule 45(c)(3)(A) provides that "the issuing court must quash" a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(i) and (iv). Here, Mr. Walsh is not a party to the underlying lawsuit. The subpoena requests 21 separate categories of documents, which will require significant time to assess, and Mr. Walsh did not learn of the subpoena until Monday, August 9, 2016. Walsh Decl. ¶6.

Given the everyday demands on Mr. Walsh's time and the time required to evaluate the 21 categories of documents requested, 12 days (or 8 if counted from the day he first saw the subpoena) is simply an unreasonable amount of time to comply with the subpoena. The issuing court here, the U.S. District Court for the Eastern District of New York, held, "Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B)." *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. MISC 08-347 (ARR)(MDG), 20 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (quashing a subpoena that gave seven days' notice). Other courts have found 10 or 12 days' notice, like here, unreasonable. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (finding ten-day time frame for compliance unreasonable); *Hall v. La.*, 2014 WL 1652791, at *13 (M.D. La. April 23, 2014) (quashing subpoenas because 9- to 12-day "timeframes are clearly unreasonable").

Further, even though hibu's counsel, Bret Cohen, has had extensive interaction with Mr. Walsh's counsel, Brian Jorgensen, over the course of the last few years, Mr. Cohen did not call or contact Mr. Jorgensen to request to schedule the deposition at a time convenient for

4

Mr. Walsh. Had Mr. Cohen simply picked up the phone, he would have learned that Mr. Walsh is unavailable on August 17, 2016. *See* Walsh Decl. ¶8.

Instead, hibu issued a hasty subpoena in the waning days of discovery and set Mr. Walsh's deposition for the very day discovery closes and on the same day as a deposition previously agreed to by Mr. Cohen and plaintiff's counsel. *See* Aug. 11, 2016 email from Clifford Haynes to Bret Cohen, attached as Exhibit H. Mr. Walsh should not be forced to completely upend his previously scheduled commitments simply because of hibu's procrastination.

hibu and Mr. Cohen also failed to adhere to Rule 45(d)(1), which requires that:

> "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court of the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FED. R. CIV. P. 45(d)(1).

Concerns about reasonableness and undue burden are especially pronounced where discovery is sought against a ***non-party***, as here. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("if the person to whom the request is made is a non-party, the court may also consider the expense and inconvenience to the non-party"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *see also Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (non-parties are afforded "special protection against the time and expense of complying with subpoenas").

## REQUEST FOR RELIEF

Because hibu's subpoena fails to satisfy the requirements of Rule 45 and the schedule is unreasonable and unduly burdensome, Mr. Walsh respectfully requests that the Court quash the subpoena and grant him all other relief to which he is entitled. Because the deposition is scheduled to begin Wednesday, August 17, 2016, Mr. Walsh requests the Court to consider this motion on an emergency basis.

Dated:  August 12, 2016.

                                                Respectfully submitted,

                                                Nikki L. McArthur
                                                nmcarthur@jonesday.com
                                                District of Columbia Bar No. 1015582
                                                JONES DAY
                                                51 Louisiana Avenue, N.W.
                                                Washington, D.C.  20001-2113
                                                ph: 202-879-3843
                                                fax: 202-626-1700

                                                ATTORNEY FOR JOE WALSH

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Non-Party Joe Walsh's Emergency Motion to Quash Defendant's Subpoena was sent to the following counsel of record in *McCusker v. hibu plc, et. al.*, on the 12th day of August, 2016 via email:

Bret A. Cohen
bcohen@mintz.com
Gauri P. Punjabi
gppunjabi@mintz.com
Robert Sheridan
rsheridan@mintz.com
MINTZ LEVIN
One Financial Center
Boston, MA 02111

Clifford E. Haines
chaines@haines-law.com
Danielle Weiss
dweiss@haines-law.com
HAINES & ASSOCIATES
1835 Market St #2420
Philadelphia, PA 19103

/s/ Nikki L. McArthur
Nikki L. McArthur